**Exhibit "4"**

## SETTLEMENT AGREEMENT AND RELEASE

AGREEMENT made as of December 15, 2003 by and between Great Northern Insurance Company ("Great Northern") and Kayvan Hakim and Yassmine Hakim (the "Hakims").

In consideration of the mutual covenants and agreements contained in this Agreement and other good and valuable consideration exchanged between the parties, receipt of which is acknowledged, the undersigned, for themselves, their successors and assigns, agree and contract with each other on the terms and conditions set forth in this Agreement, as follows:

1. On or about December 12, 1997, Great Northern issued Masterpiece Homeowner's Insurance Policy No. 11331603-1 (the "Policy") to the Hakims to cover physical loss to, among other things, the Hakims' residence at 13 Nickelson Road, South Egremont, Massachusetts (the "Premises");

2. The period in which coverage was afforded to the Hakims under the Policy was December 12, 1997 to December 12, 1998;

3. The Hakims made a claim to Great Northern for coverage under the Policy on September 19, 1998, due to the destruction of the Premises by fire on that date;

4. Since September 19, 1998 to the present day, Great Northern and the Hakims have been in negotiations to adjust the claim in order for Great Northern to provide coverage for the destruction of the Premises pursuant to the Policy;

5. In furtherance of adjusting the claim, the parties have periodically agreed to toll the **Extended replacement cost** provision of the Policy and the **Legal action against us** provision of the Policy, wherein the Hakims had to bring any legal action against Great Northern within two years of the date of loss and rebuild their house within two years of the loss, *i.e.* by September 19, 2000, in order to protect the Hakims' rights under the Policy, including, but not limited to, recovering the full extended replacement cost of the Premises which they are entitled to under the Policy;

1

41286512.01

6. The last standstill agreement executed by the parties will expire on December 5, 2003.

7. The parties have now agreed to settle this claim for a total of $788,800, in accordance with the Sworn Statements in Proof of Loss annexed hereto as Exhibit A and the Deluxe House Coverage afforded by the Policy.

8. The Hakims hereby release and discharge Great Northern and its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, successors, predecessors, and assigns from any and all claims, demands, losses, liabilities, costs, charges, actions, causes of action or suits of any kind whatsoever, whether in law or equity, known or unknown, foreseen or unforeseen, that the Hakims have or may have had against it, except to the extent that Great Northern fails to abide by the conditions as set forth in this Agreement.

9. The Hakims acknowledge that they have already received $230,224.14 towards the total amount of the claim enumerated in paragraph 7.

10. Of the remaining balance of $558,575.86, Great Northern hereby agrees to pay the Hakims $100,000 upon receipt of an executed contract between the Hakims and a contractor memorializing an agreement to rebuild the Hakims' residence which is the subject of this loss (the "Rebuild Contract").

11. Pending receipt of the executed Rebuild Contract, Great Northern hereby agrees to deposit the $100,000 payment into an escrow account (the "Escrow Funds") maintained by Katten Muchin Zavis Rosenman ("KMZR").

12. Money retained in the Escrow Fund will be disbursed by KMZR pursuant to the terms of an Escrow Agreement executed between the parties contemporaneously with this Agreement. A copy of the Escrow Agreement is attached hereto as Exhibit B and is hereby incorporated into this Agreement.

13. Upon release of the Escrow Funds, Great Northern hereby agrees to release the remaining balance of $444,775.86 in four equal installments (the "Progress Payments") as follows:

    a.) $111,193.96 to be released upon twenty-five percent (25%) completion of the rebuild;

    b.) $111,193.96 to be released upon fifty percent (50%) completion of the rebuild:

    c.) $111,193.96 to be released upon seventy-five percent (75%) completion of the rebuild:

    d.) $111,193.96 to be released upon one hundred percent (100%) completion of the rebuild;

14. Great Northern hereby agrees to remit each Progress Payment within forty-five (45) days of receipt of written notice from either the Hakims or their contractor that the partial rebuilding threshold as stated above has been reached ("Notice of Completion"). The Hakims and/or their contractor agrees to support the Notice of Completion as to the work completed to date and payments made to contractors.

15. Great Northern hereby agrees that should they fail to remit any Progress Payment within forty-five (45) days of receipt of a Notice of Completion, then all amounts under the Agreement, including amounts not yet accrued for completion, will become accelerated and immediately due and owing.

16. This is the entire Agreement between Great Northern and the Hakims with respect to its subject matter.

17. All questions concerning the construction, validity, interpretation, or performance of this Agreement shall be governed by New York law, without giving effect to that state's principles regarding conflict of laws. This Agreement shall be deemed as prepared jointly by the Parties.

41286512.01

18. In connection with the negotiation and execution of this Agreement, the Parties acknowledge that they have each had the benefit of representation by independent legal counsel and understand and agree to be bound by the terms set forth in this Agreement.

19. This Agreement may be executed in one or more counterparts, each of which will be deemed an original but all together will constitute one Agreement. The signatories represent and warrant that they have full authority to enter into this Agreement on behalf of the person or entity for whom they have signed.

20. If any provision of this Agreement is determined to be void or otherwise invalid, such finding shall not affect the validity of any other provision of the Agreement.

IN WITNESS WHEREOF, Great Northern and the Hakims have each executed this Agreement as of the date first above written.

GREAT NORTHERN INSURANCE COMPANY

By: _____
Name: Robert A. Link
Title: Executive General Adjuster

By: _____
KAYVAN HAKIM

By: _____
YASSMINE HAKIM

4

41286512.01

Oct 31 2003 9:50AM    AIG Private Client Group    1-321-0986    p.2

| POLICY NUMBER | SWORN STATEMENT IN PROOF OF LOSS TO | AMOUNT OF POLICY |
|---|---|---|
| 11331603-01 | | $ 788,800 (including debris) |
| AGENT | | |
| MINLLER INS. AGENCY, INC. |  | ISSUED / EXPIRES |
| AGENCY AT | CHUBB | 12/12/97 / 12/12/98 |
| STOCKBRIDGE, MA 01262 | | |

To the __Great Northern Ins. Co.__
of _____

At time of loss, by the above indicated policy of insurance you insured __KAYVAN and YASSMINE HAKIM__
__13 NICKELSON ROAD__
__SOUTH EGREMONT, MA__

against loss by __FIRE__ to the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A __FIRE__ loss occurred about the hour of ____ o'clock ____ M., on the __17th__ day of __September 1999__ STATE KIND ____. The cause and origin of the said loss were: __UNKNOWN TO INSUREDS__

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: __AS INTENDED__

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was _____ No other person or persons had any interest therein or encumbrance thereon, except: __NO EXCEPTIONS__

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: __AS PER POLICY__

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $_____; as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of loss was . . . . . . . . . . $ __788,800__
7. The Whole Loss and Damage was . . __LESS PARTIAL PAYMENTS__ . . . . . . . . . $ __230,224.14__
8. The Amount Claimed under the above numbered policy is . . . . . . . . . . . . $ __558,575.86__

~~The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the private or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the~~ time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of the said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

Any person who knowingly and with intent to defraud any insurance company or any other person files application for insurance or statement claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

State of __New York__
County of __New York__

_____ Insured

Subscribed and sworn to before me this __11__ day of __December__, __2003__

__Natalie Gondre__ Notary Public
(OVER)

Form 30-10-1290 (Rev. 4-94)

NATALIE GONDRE
NOTARY PUBLIC, State of New York
No. 01GO6014890
Qualified in Nassau County
Commission Expires October 19, 2006

Oct 31 2003 9:50AM    AIG Private Client Group    1-321-0986    p.4

Form recommended by the
American Insurance Association
February, 1967

## STATEMENT AS TO FULL COST OF REPAIR OR REPLACEMENT
## UNDER THE REPLACEMENT COST COVERAGE
## SUBJECT TO THE TERMS AND CONDITIONS OF THIS POLICY

To the **GREAT NORTHERN** Ins. Co.

of _____ Policy No. **11331603-01**

Agency at **STOCKBRIDGE, MA**    Agent **MINKLER INS AGENCY, INC.**

Insured **KAYVAN AND YASSMINE HAKIM**

Location **13 NICKELSON ROAD**
**SOUTH EGREMONT, MA**

Type of property involved in claim **BUILDING**

Date of loss **9/18/98**

1. **Full Amount of Insurance** applicable to the property for which claim is presented was . . . . . . . . . . . . . $ **788,800**

2. **Full Replacement Cost** of the said property at the time of the loss was . . . . . . . . . . . . . . . . . . . . . . . $ **788,800**

3. **The Full Cost of Repair or Replacement** is . . . . . . . . $ **788,800**

4. ~~Applicable Depreciation is~~ **LESS PARTIAL PAYMENTS** . . . $ **230,224.14**

5. **Actual Cash Value loss** is . . . . . . . . . . . . . . . . $ **558,575.86**
   (Line 3 minus Line 4)

6. Less deductibles and/or participation by the insured . . . $ **N/A**

7. **Actual Cash Value Claim** is . . . . . . . . . . . . . . . $ **558,575.86**
   (Line 5 minus Line 6)

8. **Supplemental Claim,** to be filed in accordance with the terms and conditions of the Replacement Cost Coverage within _____ days from date of loss as shown above, will not exceed . . . . . . . . . . . . . . . . . . $ **558,575.86**
   (This figure will be that portion of the amounts shown on Lines 4 and 6 which is recoverable)

_____ Insured

State of **New York**

County of **New York**

Subscribed and sworn to before me this **11** day of **December** 20**03**

NATALIE GONDRE _Natalie Gondrey_ Notary Public

UNIFORM STANDARD  Form No. 3935a  NOTARY PUBLIC, State of New York
PRINTED IN U.S.A.  No. 01GO6014890
Qualified in Nassau County
Commission Expires October 19, 2006