# Exhibit "7"

## ESCROW AGREEMENT

**ESCROW AGREEMENT,**[1] dated as of December _15_, 2003, among KAYVAN HAKIM and YASSMINE HAKIM (the "Hakims"), GREAT NORTHERN INSURANCE COMANY ("Great Northern") and KATTEN MUCHIN ZAVIS ROSENMAN, as escrow agent ("the Escrow Agent" or "KMZR").

**WHEREAS,** paragraphs 10 and 11 of the Settlement Agreement, made and effective as of November _15_, 2003, by and between the Hakims and Great Northern, provide for the payment of certain funds (the " Escrow Funds"), as follows:

10. Of the remaining balance of $281,401.15, Great Northern hereby agrees to pay the Hakims $50,000 upon receipt of an executed contract between the Hakims and a contractor memorializing an agreement to rebuild the Hakims' residence which is the subject of this loss (the "Rebuild Contract").

11. Pending receipt of the executed Rebuild Contract, Great Northern hereby agrees to deposit the $50,000 payment into an escrow account (the "Escrow Funds") maintained by Katten Muchin Zavis Rosenman ("KMZR").

**WHEREAS,** to effect the ultimate payment of the Funds pursuant to paragraph 11 of the Settlement Agreement, the Hakims and Great Northern desire to designate KMZR as escrow agent for such funds.

**NOW THEREFORE,** the Hakims and Great Northern and the Escrow Agent agree as follows:

1.   <u>Creation of the Escrow.</u> Upon receipt and collection of the Escrow Funds by KMZR from Great Northern, such Escrow Funds will be deposited in an interest-bearing account in the name of KMZR at Chase Manhattan Bank (the "Escrow Account"). Upon confirmation of such deposit, an escrow shall be created under this Agreement in respect of which KMZR agrees to act as escrow agent, without charge for such escrow agent services.

2.   <u>Disbursements from the Escrow Account.</u> The Escrow Agent shall retain the Funds and any interest thereon (the "Escrowed Funds") in the Escrow Account in accordance with this Agreement and shall disburse the Escrowed Funds to the Hakims at such time as the Hakims have delivered to and Great Northern has received the Rebuild Contract, as that term is defined in ¶10 of the Settlement Agreement. In the event that the Hakims do not deliver the Rebuild Contract, the Escrow Agent shall disburse the Escrowed Funds to Great Northern, unless any adverse claim to the Escrowed Funds has been asserted. In such event, the Escrow Agent shall deposit the Escrowed Funds in a court of competent jurisdiction with respect to such adverse claim(s).

---

[1] All terms used herein have the same meaning as in the Settlement Agreement referred to in the following paragraph.

3. <u>Concerning the Escrow Agent.</u>

    3.1    The duties and obligations of the Escrow Agent shall be determined solely by the express provisions of this Agreement. The Escrow Agent shall not be under any duty to give the Escrowed Funds held by it hereunder any greater degree of care than it gives its own similar property and shall not be required to invest any funds held hereunder.

    3.2    The Escrow Agent shall not be liable for actions or omissions hereunder, except for its own gross negligence or willful misconduct and, except with respect to claims based upon such gross negligence or willful misconduct that are successfully asserted against the Escrow Agent, the Hakims and Great Northern shall jointly and severally indemnify and hold harmless the Escrow Agent (and any successor Escrow Agent) from and against any and all losses, liabilities, claims, actions, damages and expenses, including reasonable attorneys' fees and disbursements, arising out of and in connection with this Agreement.

    3.3    The Escrow Agent shall be entitled to rely upon any order, judgment, certification, demand, notice, instrument or other writing delivered to it hereunder without being required to determine the authenticity or the correctness of any fact stated therein or the proprietary or validity of the service thereof. The Escrow Agent may act in reliance upon any instrument or signature believed by it to be genuine and may assume that the person purporting to give receipt or advice or make any statement or execute any document in connection with the provisions hereof has been duly authorized to do so. The Escrow Agent may conclusively presume that the undersigned representative of any party hereto which is an entity other than a natural person has full power and authority to instruct the Escrow Agent on behalf of that party unless written notice to the contrary is delivered to the Escrow Agent.

    3.4    The Escrow Agent may act pursuant to the advice of counsel with respect to any matter relating to this Agreement and shall not be liable for any action taken or omitted by it in good faith in accordance with such advice. The Escrow Agent may utilize as such counsel attorneys of KMZR.

    3.5    KMZR's service as Escrow Agent shall be separate from its service as legal counsel to the Hakims. Nothing in this Agreement shall be construed to increase or decrease KMZR's powers or obligations as such legal counsel. The Hakims and Great Northern hereby waive any conflict that dual service as such legal counsel and Escrow Agent might otherwise constitute and consent to KMZR's representation of the Hakims in connection with this Agreement and any other matter relating hereto.

    3.6    The Escrow Agent does not have any interest in the Escrowed Funds that will be deposited hereunder but is serving as escrow holder only and has only possession thereof. Any payments of income from the Escrowed Funds shall be subject to withholding regulations then in force with respect to United States taxes. The parties hereto will provide the Escrow Agent with appropriate Internal Revenue Service Forms W-9 for tax identification number certification, or nonresident alien certifications. This Section 3.6 and Section 3.2 shall survive notwithstanding any termination of this Agreement or the resignation of the Escrow Agent.

### 3.7 Resignation and Removal of the Escrow Agent.

(a) The Escrow Agent (and any successor Escrow Agent) may at any time resign by giving 7 days' prior written notice to the Hakims and Great Northern.

(b) The Hakims and Great Northern, acting jointly, may remove the Escrow Agent at any time by delivery to Escrow Agent of notice of their decision to remove the Escrow Agent.

(c) Counsel for the Hakims and Great Northern, acting jointly, agree to appoint a successor Escrow Agent promptly after the resignation or removal of an Escrow Agent.

(d) Such resigning or removed Escrow Agent shall deliver the entirety of the Escrowed Funds to (i) any successor Escrow Agent or (ii) if it shall not have received any notice of the appointment of such successor within 30 days of its resignation or removal, to any court of competent jurisdiction. Such delivery of the Escrowed Funds shall make effective the resignation or removal of the Escrow Agent, and it shall be thereupon discharged of and from any and all further obligations arising in connection with this Agreement.

## 4. Representations and Warranties.
Each party hereto represents and warrants to each other party, in order to induce them to enter into this Agreement:

4.1 It is a duly organized and validly existing entity in good standing under the laws of its respective jurisdiction of organization.

4.2 It has the requisite entity power and authority to enter into this Agreement and to perform its obligations hereunder and to consummate the transactions contemplated hereby. The execution and delivery of this Agreement by it and the consummation by it of the transactions contemplated hereby have been duly authorized.

4.3 This Agreement has been duly executed and delivered by it and constitutes its valid and binding obligation, enforceable against it in accordance with its terms.

## 5. General.

5.1 **Modification, amendment, supplement and waiver.** No modification, course of conduct, amendment, or supplement to or waiver of this Agreement, or any provision hereof, shall be binding upon the parties hereto unless in writing and duly signed by all of the parties. At no time shall any failure or delay by any party in enforcing any provisions, exercising any option, or requiring performance of any provisions, be construed to be a waiver of the same provisions or of any other provisions of this Agreement.

5.2 **Severability.** If any one or more of the provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, the remaining provisions of this Agreement shall be unimpaired, and the invalid, illegal or unenforceable provisions shall be replaced by a mutually acceptable provision, which, being valid, legal and

enforceable, comes closest to the intention of the parties underlying the invalid, illegal or unenforceable provision.

   5.3 **Counterparts.** This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto were upon the same instrument.

   5.4 **Entire Agreement.** This Agreement is the entire agreement among the Hakims, Great Northern and the Escrow Agent relating to the subject matter hereof and supersedes all prior agreements, representations and understandings, if any, relating to the subject matter hereof.

   5.5 Great Northern will not be responsible for the payment of any fee to maintain the Escrow Agreement.

   5.6 **Notices.** Unless otherwise specified, all notices hereunder shall be in writing and delivered personally, or posted pre-paid through an express service offering confirmation of delivery (such as Federal Express), to the addresses of the parties set forth below, or to such other address as a party may provide to the parties pursuant to this Section 5.5. All notices shall be deemed delivered on the date delivered by hand or when placed in custody of such express delivery service, except in the case of notices to the Escrow Agent, which shall be deemed delivered only upon receipt by the Escrow Agent.

If to the Escrow Agent or to the Hakims:

  c/o Michael F. Gallagher, Esq.
  Katten Muchin Zavis Rosenman
  575 Madison Avenue
  New York, NY 10022.

If to Great Northern:

  c/o Robert A. Link
  Great Northern Insurance Copany
  333 Earle Ovington Blvd.
  Uniondale, New York

   5.7 **Successors and Assigns.** All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

   5.8 **Captions.** Captions to Articles, Sections and subsections of this Agreement are included for convenience of reference only and shall not constitute a part of this Agreement for any other purpose or in any way affect the meaning or construction of any provision of this Agreement.

41286783.01

4

5.9   **Termination.** This Agreement shall terminate when the action with respect to the Charges, including any appeal thereof, has terminated. At such time, the Escrow Agent shall deliver the balance of the Escrowed Funds in accordance with the provisions of paragraph 2, above. Upon the Escrow Agent's delivery of the Escrowed Funds, this Agreement shall terminate and the Escrow Agent shall be discharged from all further obligations or responsibility hereunder.

5.10   **Choice of Law and Forum.** This Agreement shall be governed under the laws of the State of New York, without giving effect to the conflict-of-law provisions thereof. Excluding unsettled Disputes which are irrevocably committed to Arbitration, the parties agree that the sole and exclusive jurisdiction over any controversy with respect to the subject matter of the Agreement shall vest in courts located in the city, county and state of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives all as of the date above first written.

By: _____
KAYVAN HAKIM

By: _____
YASSMINE HAKIM


GREAT NORTHERN INSURANCE COMPANY

By: _____
Robert A. Link


KATTEN MUICHIN ZAVIS ROSENMAN
The Escrow Agent

By: _____
Name: Mohan Venor
Title: Partner

41286783.01

5