# Exhibit "13"

# MOUND COTTON WOLLAN & GREENGRASS

COUNSELLORS AT LAW
ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA

LLOYD A. GURA
(212) 804-4282
LGura@moundcotton.com

February 20, 2007

**VIA E-MAIL**

Michael F. Gallagher, Esq.
KMZ Rosenman
575 Madison Ave.
New York, New York 10022-2585

> Re:   *GNIC v. Kayvan & Yassmine Hakim*
>        **Our File No. 444.24**

Dear Mr. Gallagher:

    As you know, we represent Great Northern Insurance Company ("GNIC") in the above referenced matter. We are in receipt of your letter dated February 15, 2007, in which Katten Muchin Rosenman LLP f/n/a Katten Muchin Zavis Rosenman LLP ("KMR") seeks to withdraw as Escrow Agent pursuant to ¶ 3.7 of the Escrow Agreements. Please be advised that Kayvan and Yassmine Hakim (collectively, the "Hakims") have breached the Escrow Agreements and other relevant contracts by failing to provide GNIC with a Rebuild Contract (as that term is defined in the Escrow Agreements) in a timely manner. GNIC, therefore, is entitled to the Escrowed Funds and, accordingly, will not appoint another Escrow Agent pursuant to ¶ 3.7(c) of the Escrow Agreements. Consequently, to the extent that KMR does not return the Escrowed Funds to GNIC, ¶ 3.7(d) of the Escrow Agreements mandates that KMR "deliver the entirety of the Escrowed Funds . . . to any court of competent jurisdiction."

    Pursuant to these contractual obligations, GNIC demands that KMR either return the Escrowed Funds to GNIC or deposit the Escrowed Funds in the New York Supreme Court, County of New York.[1] See CPLR § 1006. GNIC reserves all rights and remedies available to it

---

[1]   ¶ 5.10 of the Escrow Agreements states that the "parties agree that the sole and exclusive jurisdiction over any controversy with respect to the subject matter of this Agreement shall vest in the courts located in the city, county and state of New York."

MOUND COTTON WOLLAN & GREENGRASS

Michael F. Gallagher, Esq.
KM Rosenman
February 20, 2007
Page 2

should KMR fail to take the requested actions in accordance with KMR's contractual obligations.

cc: David J. Mark, Esq.

Very truly yours,

Lloyd Gura