# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATTEN MUCHIN ROSENMAN LLP,                          Case No.: 07-CV-2921 [BSJ]

                          Plaintiff,

            -against-                                **ANSWER WITH**
                                                     **CROSS-CLAIMS**
KAYVAN HAKIM, YASSMINE HAKIM and
GREAT NORTHERN INSURANCE COMPANY,

                          Defendants.
------------------------------------------------------------------------X

       Defendants KAYVAN HAKIM and YASSMINE HAKIM ("Defendants" or "the

Hakims"), by their undersigned attorneys, in response to the Complaint herein allege as follows:

       1.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraphs 1; 4; 5; 6; 10; 28; 30; 32; 35; 45; 46 and 47 of the

Complaint.

       2.      Defendants deny the allegations of paragraphs 2; 3; 33; 38; 41 of the Complaint.

       3.      Defendants admit the allegations of paragraphs 8; 11; 12; 13; 14; 15; 16; 17; 18;

19; 20; 21; 22; 23; 24; 25; 26; 27; 29; and 31 of the Complaint

       4.      In response to the allegations of paragraph 7 of the Complaint, Defendants admit

that they maintain a residence in the Southern District of New York and deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of that

paragraph.

       5.      In response to the allegations of paragraph 9 of the Complaint, Defendants admit

that defendant Great Northern Insurance Company ("Great Northern") issued Policy No.

1

11331603-1 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

6.    Defendants do not respond to the following paragraphs, which do not require a response: 36; 39; 42 and 43.

7.    Defendants repeat and reallege their responses in response to paragraphs 34; 37; 40; 44 and 48 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

8.    The action is premature.

## SECOND AFFIRMATIVE DEFENSE

9.    Defendants have a complete or partial defense based upon documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

10.    Defendants nominated an alternative escrow agent to whom the funds could have been paid.

## FOURTH AFFIRMATIVE DEFENSE

11.    Plaintiff is estopped from asserting its claims in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

12.    Plaintiff has waived its claims in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

13.    Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

14.    The damages to Plaintiff, if any, have been caused by the actions of Great Northern and not by any actions of Defendants.

## AS AND FOR A FIRST CROSS-CLAIM
### For Equitable Estoppel

15.    Defendants repeat and reallege the allegations of paragraphs 1 through 14 as if set forth fully herein.

16.    On information and belief, defendant Great Northern is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business at 15 Mountain View Road, Warren, New Jersey 07061.

17.    Following extensive negotiations, Great Northern entered into two written settlement agreements dated December 15, 2003 with Defendants, by which Great Northern agreed to deposit sums certain in escrow with Plaintiff (the "Escrow Funds") and to pay sums certain upon delivery by defendants of an executed contract between the Hakims and a contractor to rebuild their residence at 13 Nickelson Road, South Egremont, Massachusetts (the "Rebuild Contract") and at various stages during the reconstruction.

18.    Great Northern and the Hakims agreed that the settlement agreements contained all the terms of the settlement between the parties and superceded the terms of policy number 11331603-1.

19.    Great Northern benefited from the settlement agreements in that it received a partial release from the Defendants, its liability was fixed and its obligation to make further payments was deferred until and conditioned upon the Hakims actually rebuilding.

20.    The Hakims benefited from the settlement agreement in that they were entitled to further payment upon agreeing a Rebuild Contract and at defined stages in the reconstruction without application of the time limits contained in policy number 11331603-1.

3

21.     By motion pursuant to F.R.C.P. Rule 56 in this action, Great Northern has claimed that it is entitled to the Escrow Funds, and has no further obligation as a matter of law, as the Hakims were obliged to obtain a Rebuild Contract within two years of the date of the settlement agreements, although the settlement agreements contain no such provision.

22.     Hakim has no adequate remedy at law.

**23.**     By reason of the above, Great Northern should be estopped from relying on any language in policy number 11331603-1 which may be inconsistent with Great Northern's representations in connection with the settlement agreements or which may be interpreted as such.

**AS AND FOR A SECOND CROSS-CLAIM**
**For Declaratory Judgment**

24.     Defendants repeat and reallege the allegations of paragraphs 15 through 23 as if set forth fully herein.

25.     The settlement agreements each contain a paragraph which states: "[t]his is the entire agreement between Great Northern and the Hakims with respect to its subject matter."

26.     The settlement agreements do not limit the time that Defendants have to obtain a Rebuild Contract.

27.     Defendants request respectfully that the Court issue judgment declaring that the rebuilding time provisions of policy number 11331603-1 were superceded by the terms of the settlement agreements and do not apply in determining the present action.

## AS AND FOR A THIRD CROSS-CLAIM
### For Declaratory Judgment

28.     Defendants repeat and reallege the allegations of paragraphs 15 through 27 as if set forth fully herein.

29.     Defendants intend to enter into a Rebuild Contract.

30.     Defendants request respectfully that the Court issue judgment declaring that upon presentation of a Rebuild Contract by the Hakims, the Escrow Funds shall be released to the Hakims and that Great Northern will release: the sums of $111,193.96 and $57,850.28 upon twenty-five percent completion of the rebuild; the sum s of $111,193.96 and $57,850.28 upon fifty percent completion of the rebuild; the sums of $111,193.96 and $57,850.28 upon seventy-five percent completion of the rebuild; and the sum s of $111,193.96 and $57,850.28 upon one hundred percent completion of the rebuild; each installment to be paid within forty-five days of receipt of a Notice of Completion as contemplated by the settlement agreements.

## AS AND FOR A FOURTH CROSS-CLAIM
### For Indemnification

31.     Defendants repeat and reallege the allegations of paragraphs 1 through 27 as if set forth fully herein.

32.     Plaintiff agreed to act as agent for the Escrow Funds by two agreements dated December 15, 2003. Those agreements each contain a provision whereby Plaintiff will be held harmless and indemnified against costs arising from its function as escrow agent by Great Northern and the Hakims.

5

33.     On information and belief, in or about August 2006, Great Northern threatened plaintiff with litigation if it did not surrender the Escrow Funds to Great Northern.

34.     On information and belief, by letter dated February 15, 2007, plaintiff resigned as escrow agent. Pursuant to Section 3.7 (c) of the escrow agreements, Great Northern and the Hakims had agreed to appoint a successor escrow agent promptly in the event of such resignation.

35.     The Hakims attempted to appoint a successor escrow agent.  By correspondence dated February 20, 2007, Great Northern advised that it was refusing to appoint a successor escrow agent.

36.     Great Northern's refusal to appoint a successor escrow agent was the cause of plaintiff instituting this action and thereby incurring expense for which plaintiff seeks indemnification from the Hakims.

37.     Further, on information and belief, Great Northern has served a frivolous and premature motion pursuant to F.R.C.P. Rule 56 upon plaintiff, thereby necessitating the preparation of opposition by plaintiff, the cost of which plaintiff will seek reimbursement for from the Hakims also.

38.     By reason of the above, Defendants request respectfully judgment in their favor and against Great Northern for all sums which plaintiff may recover from the Hakims in this action, together with costs and reasonable attorney's fees.

WHEREFORE Defendants Kayvan Hakim and Yassmine Hakim requests judgment against Plaintiff dismissing the Complaint; and granting judgment against defendant Great Northern Insurance Company:

(i)    on the first cross-claim, for an order estopping Great Northern from relying on any language in policy number 11331603-1 which may be inconsistent with Great Northern's representations in connection with the settlement agreements or which may be interpreted as such;

(ii)   on the second cross-claim, for judgment declaring that the rebuilding time provisions of policy number 11331603-1 were superceded by the terms of the settlement agreements and do not apply in determining the present action.;

(iii)  on the third cross-claim, for judgment declaring that upon presentation of a Rebuild Contract by the Hakims, the Escrow Funds shall be released to the Hakims and that Great Northern will release: the sums of $111,193.96 and $57,850.28 upon twenty-five percent completion of the rebuild; the sum s of $111,193.96 and $57,850.28 upon fifty percent completion of the rebuild; the sums of $111,193.96 and $57,850.28 upon seventy-five percent completion of the rebuild; and the sum s of $111,193.96 and $57,850.28 upon one hundred percent completion of the rebuild; each installment to be paid within forty-five days of receipt of a Notice of Completion as contemplated by the settlement agreements;

7

(iv)    on the fourth cross-claim, for all sums which plaintiff may recover from

the Hakims in this action, together with costs and reasonable attorney's

fees;

together with such other, further and different relief as the Court deems just and proper.

Dated:   May 31, 2007

JUSTINE CLARE MORAN, ESQ.

By:_____/s/_____
        Justine Clare Moran [JM 2547]

31-12 38th Street
Astoria, NY 11103
(718) 274-6910

_/S/_____
David J. Mark [DM 9548]
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway,
NewYork, New York 10019
(212) 506-1700

Attorneys for Defendants
Kayvan Hakim and Yassmine Hakim

To:    Michael J. Verde, Esq.
       Katten Muchin Rosenman LLP
       575 Madison Avenue
       New York, NY 10022-2585
       Attorneys for Plaintiff

       Lloyd A. Gura, Esq.
       Mound Cotton Wollan & Greengrass
       One Battery Park Plaza
       New York, NY 10004-1486
       Attorneys for defendant

8