Michael I. Verde (MV-6595)
Michael F. Gallagher (MG-7895)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
(212) 940-8800

Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KATTEN MUCHIN ROSENMAN LLP,

                Plaintiff,

    - against -

KAYVAN HAKIM, YASSMINE HAKIM and GREAT
NORTHERN INSURANCE COMPANY,

                Defendants.

------------------------------------------------------------------------- x

Case No. 07-CV-2921 (BSJ)

## KATTEN MUCHIN ROSENMAN LLP'S MEMORANDUM OF LAW IN OPPOSITION TO GREAT NORTHERN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

KATTEN MUCHIN ROSENMAN LLP
Plaintiff *Pro Se*
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800

Of Counsel:   Michael I. Verde
                    Michael F. Gallagher

84219242_1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

COUNTERSTATEMENT OF GENUINE ISSUES ..................................................................... 1

ARGUMENT ................................................................................................................................ 1

POINT I –    KATTEN MUCHIN ROSENMAN LLP, AS ESCROW AGENT,
             IS ENTITLED TO INDEMNITY ......................................................................... 3

        A.    Katten Complied With the Express Terms of the Escrow Agreements ....... 4

        B.    Katten Acted In a Timely Manner ............................................................... 5

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

| | Page |
|---|---|
| *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) | 3 |
| *Atlantic Bank of New York v. Homeowners Financial Corp., et al.*, 1999 WL 144508 (S.D.N.Y. March 17, 1999) | 5 |
| *Carruthers v. Flaum*, 450 F. Supp. 2d 288 (S.D.N.Y. 2006) | 4 |
| *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) | 3 |
| *Eastman Mach. Co. v. U.S.*, 841 F.2d 469 (2d Cir. 1988) | 3 |
| *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989) | 3 |

## STATE CASES

| | |
|---|---|
| *Grinblat v. Taubenblat*, 107 A.D.2d 735, 484 N.Y.S.2d 96 (2d Dep't 1985) | 4 |
| *Nat'l Union Fire Ins. Co. v. Proskauer Rose*, 165 Misc. 2d 539, 634 N.Y.S.2d 609 (Sup. Ct. N.Y. Cty. 1994) | 4 |
| *Takayama v. Schaefer*, 240 A.D.2d 21, 669 N.Y.S.2d 656 (2d Dep't 1998) | 5 |

## STATUTES

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 3 |

84219242_1

## PRELIMINARY STATEMENT

This interpleader action was commenced by Katten Muchin Rosenman LLP ("Katten"), the escrow agent (the "Escrow Agent") for defendants Kayvan Hakim and Yassmine Hakim (the "Hakims") and Great Northern Insurance Company (GNIC) (collectively, the "Defendants"), pursuant to the terms and conditions of the escrow agreements duly executed by the Defendants (the "Escrow Agreements"). Throughout these proceedings, Katten has complied with its duties and obligations as the escrow agent for the Defendants, and has acted in accordance with the written agreements between the parties. This Court can grant the instant motion, which seeks summary judgment against Katten, only if it finds that Katten's refusal to ignore the plain language of the Settlement Agreements between the Defendants, the Escrow Agreements and applicable law either was grossly negligent or constituted willful misconduct. Because Katten complied with its obligations as escrow agent, GNIC's motion should be denied in its entirety.

## COUNTERSTATEMENT OF GENUINE ISSUES

Katten respectfully refers the Court to "Plaintiff Katten Muchin Rosenman LLP's Statement of Material Facts as to Which There Exist Genuine Issues to Be Tried," and to "Defendant Great Northern Insurance Company's Rule 56.1 Statement of Facts in Support of its Summary Judgment Motion," dated May 17, 2004 ("GNIC's Rule 56.1 Statement"), for a full recitation of the facts pertinent to this motion. For the purposes of its opposition to GNIC's Motion for Summary Judgment, Katten offers a brief summary of those facts.

GNIC provided a homeowners' insurance policy to Kayvan and Yassmine Hakim (the "Hakims") for the period 12/12/97-12/12/98 (No. 11331603-01), which covered, in part, a house that the Hakims owned in South Egremont, Massachusetts (the "Premises"). *See* "Affidavit of Robert Link in Support of Defendant Great Northern Insurance Company's Motion for Summary

84219242_1

Judgment against Katten Muchin Rosenman LLP" (the "Link Aff."), Ex. 3. As the result of a fire that destroyed the Premises, the Hakims made a claim to GNIC, which, after investigation and adjustment, resulted in the Hakims and GNIC signing two Settlement Agreements. Link Aff., Exs. 4 and 5. Further to the execution of the Settlement Agreements, the Defendants requested that Katten hold the sum of $150,000 in escrow (the "Escrow Funds") pending the Hakims providing GNIC with a contract for the reconstruction of the Premises (the "Rebuild Contract"). Link Aff., Exs. 6 and 7.

Neither the Settlement Agreements nor the Escrow Agreements set forth any time frame within which the Hakims were obligated to provide the Rebuild Contract to GNIC. Link Aff., Exs. 4-7. For example, pursuant to paragraph 11 of the respective Settlement Agreements, GNIC agreed to deposit the Escrow Funds, "[p]ending receipt of the executed Rebuild Contract." Link Aff., Ex. 4 ¶ 11, Ex. 5 ¶ 11. Moreover, in paragraph 2 of the respective Escrow Agreements, Katten was obligated to retain the Escrow Funds until "such time as the Hakims have delivered to and [GNIC] has received the Rebuild Contract." Link Aff., Ex. 6 ¶ 2, Ex. 7 ¶ 2.

From the time the Settlement Agreements and the Escrow Agreements were executed in 2003, through February 21, 2007, and continuing, the Hakims have indicated to both Katten and GNIC that they were making progress in obtaining and providing GNIC with the Rebuild Contract. *See* Link Aff., Ex. 9; Affidavit of Philip A. Nemecek, sworn to June 4, 2006 and filed herewith ("Nemecek Aff."), Exs. A, B and F.

On May 24, 2007, Katten deposited the Escrow Funds with the Clerk of the Court. Nemecek Aff., Ex. E.

## ARGUMENT

### POINT I

### KATTEN MUCHIN ROSENMAN LLP, AS ESCROW AGENT, IS ENTITLED TO INDEMNITY

Summary judgment should only be granted when, after reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In deciding a summary judgment motion, a court need not resolve disputed issues of fact, but need only determine whether there is any genuine issue to be tried. *Eastman Mach. Co. v. U.S.*, 841 F.2d 469, 473 (2d Cir. 1988). A genuine factual issue exists if there is sufficient evidence favoring the non-movant such that a reasonable jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). "In assessing the record to determine whether there is a genuine issue of fact, the court is required to draw all inferences in favor of the party against whom summary judgment is sought." *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989). Applying this standard to the instant case, there is no basis to grant summary judgment to GNIC. Thus, the instant motion, as it pertains to Katten, should be denied.[1]

---

[1] Insofar as GNIC's first argument relates to whether the Hakims or GNIC is entitled to the Escrow Funds, Katten takes no position on that dispute.

## A. **Katten Complied with the Express Terms of the Escrow Agreements**

GNIC's summary judgment motion, as it pertains to Katten, is based on the faulty premise that Katten could have and should have ignored the plain language of the Agreements between the parties. GNIC's Memorandum of Law, pp. 5-6, 10-11. As GNIC readily admits, the Settlement Agreements are devoid of any terms setting forth a time frame within which the Hakims were obligated to supply GNIC with the Rebuild Contract for the Premises, the triggering event for the release of the Escrow Funds to the Hakims. GNIC's Memorandum of Law, p. 8. In the face of this, Katten was confronted with competing interests: GNIC demanding the return of the Escrow Funds, and the Hakims claiming that they were making progress towards providing a Rebuild Contract to GNIC. Link Aff., Ex. 9; Nemecek Aff., Exs. A and B. Under these circumstances, Katten was legally barred from ignoring the written agreements and, in effect, choosing one stakeholder's interests over another. *See Carruthers v. Flaum*, 450 F. Supp. 2d 288, 317 (S.D.N.Y. 2006) ("[a]n escrow agreement imposes a fiduciary duty on the escrow agent to both parties, not to deliver the escrow except upon strict compliance with the conditions imposed"). As Escrow Agent, Katten had no authority to interpret the Agreements, supply missing terms, or determine what was "fair." Katten was bound to follow the letter of the Agreements. S*ee Grinblat v. Taubenblat*, 107 A.D.2d 735, 736, 484 N.Y.S.2d 96, 97 (2d Dep't 1985) ("[a]n escrow agent is charged with the duty not to deliver the escrow deposit to anyone **except upon strict compliance** with the conditions imposed [by the escrow agreement]"); *Nat'l Union Fire Ins. Co. v. Proskauer Rose*, 165 Misc. 2d 539, 545, 634 N.Y.S.2d 609, 614 (Sup. Ct. New York County 1994) ("[t]he escrow agent's powers are limited by the terms of the escrow agreement").

84219242_1

Undoubtedly, had Katten delivered the Escrow Funds to GNIC, the Hakims would have sued Katten. An escrow agent has no obligation to make such a Hobson's choice. *See Takayama v. Schaefer*, 240 A.D.2d 21, 25, 669 N.Y.S.2d 656, 659 (2d Dep't 1998) ("[i]t is well settled that, in the event of a dispute, the escrow funds may not be released until the conditions of the escrow agreement are fully performed and it is clear that no factual issues or viable claims exist under the closely scrutinized terms of the escrow agreement"). Instead, Katten did exactly what the Escrow Agreements mandated that it do: it commenced the instant action, and deposited the monies with the Court. Nemecek Aff., Ex. E. *See Atlantic Bank of New York v. Homeowners Financial Corp., et al.*, 1999 WL 144508, *4 (S.D.N.Y. March 17, 1999).

**B.     Katten Acted in a Timely Manner**

GNIC also claims that Katten's "delay" in bringing this Action was itself "gross negligence." GNIC Memorandum of Law, p. 10. As discussed in greater detail above, this argument completely ignores the ongoing dispute between the stakeholders, and assumes that only GNIC had a valid interpretation of the Escrow and Settlement Agreements. More importantly, it also completely ignores the reality that GNIC was always free to begin an action against the Hakims to determine the rights of the stakeholders in light of the Hakims' alleged failure to provide a Rebuild Contract in a timely manner. It is worth noting the obvious: GNIC makes this motion within a case **commenced by Katten**. GNIC cannot plausibly claim that Katten delayed for so long as to constitute gross negligence when Katten acted to resolve this dispute before GNIC did. GNIC's failure to do so is a tacit concession that any delay was the result of GNIC's own failure to insist of specific time limits when it negotiated the Settlement and Escrow Agreements. Apparently, it is easier to threaten the Escrow Agent than make a cogent legal argument out of non-existent terms.

Insofar as the record makes plain that Katten complied with its fiduciary obligations to all of the stakeholders throughout these proceedings, there is absolutely no basis to determine that Katten was either grossly negligent or committed willful misconduct. Notwithstanding GNIC's apparent remorse about signing Agreements which do not contain terms that it now believes are imperative, Katten is entitled to be jointly and severally indemnified and held harmless "from and against any and all losses, liabilities, claims, actions, damages and expenses, including reasonable attorneys' fees and disbursements, arising out of and in connection with" the Escrow Agreements, including the costs, expenses and disbursements associated with this Action. Link Aff., Exs. 6 and 7.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter an Order: (a) denying Great Northern Insurance Company's Motion for Summary Judgment as it pertains to Katten; and (b) granting Katten such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 4, 2007

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:  s/Michael I. Verde
     One of Its Partners

Plaintiff *Pro Se*
575 Madison Avenue
New York, New York 10022
(212) 940-8800

6

84219242_1