Michael I. Verde (MV-6595)
Michael F. Gallagher (MG-7895)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
(212) 940-8800

Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
KATTEN MUCHIN ROSENMAN LLP,

                                      Plaintiff,

      - against -

KAYVAN HAKIM, YASSMINE HAKIM and GREAT
NORTHERN INSURANCE COMPANY,

                                      Defendants.
------------------------------------------------------------------- x

Case No. 07-CV-2921 (BSJ)

**PLAINTIFF KATTEN MUCHIN ROSENMAN LLP'S
STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE EXIST GENUINE ISSUES TO BE TRIED**

Pursuant to Rule 56.1(b) of the Local Civil Rules of this Court, Katten Muchin Rosenman LLP ("Katten") respectfully submits that, for purposes of the motion of defendant Great Northern Insurance Company ("GNIC") for an summary judgment against Katten, and in response to the corresponding numbered paragraphs of "Defendant Great Northern Insurance Company's Rule 56.1 Statement of Facts in Support of its Summary Judgment Motion," dated May 17, 2004 ("GNIC's Rule 56.1 Statement"), there is no genuine issue to be tried as to the following material facts:

       1.       Fact not in dispute.

       2.       Fact not in dispute.

       3.       Fact not in dispute.

84219993_2

4. Fact not in dispute.

5. Fact not in dispute.

6. Fact not in dispute.

7. Fact not in dispute.

8. Fact not in dispute.

9. Fact not in dispute.

10. Fact not in dispute.

11. Fact not in dispute.

12. Fact not in dispute.

13. Fact not in dispute.

14. Fact not in dispute.

15. Fact not in dispute.

16. Fact not in dispute.

17. Fact not in dispute.

18. Fact not in dispute.

19. Fact not in dispute.

20. Fact in dispute. Insofar as the exhibit cited in paragraph 20 – Exhibit 11 annexed to the "Affidavit of Robert Link in Support of Defendant Great Northern Insurance Company's Motion for Summary Judgment against Katten Muchin Rosenman LLP" (the "Link Aff.") – does not support the statement set forth therein, GNIC's Rule 56.1 Statement violates Rule 56.1(d) of the Local Civil Rules for the Southern and Eastern Districts, as it lacks a citation to admissible evidence. A Local Rule 56.1 statement is "not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). Moreover, where the record does not support the assertions set forth in a Rule 56.1

Statement, "those assertions should be disregarded and the record reviewed independently." *Id.* Katten specifically and emphatically objects to GNIC's assertion that Katten "wrongfully maintained" the Escrow Funds. Katten has not and did not "wrongfully maintain" the Escrow Funds, insofar as it complied with the terms of the Escrow Agreements. *See* Link Aff., Exs. 6 and 7.

21.   Fact in dispute insofar as paragraph 21 infers that that Katten "wrongfully maintained" the Escrow Funds. Katten has not and did not "wrongfully maintain" the Escrow Funds, insofar as it complied with the terms of the Escrow Agreements. *See* Link Aff., Exs. 6 and 7. Katten does not dispute that it received the August 24, 2006 letter from GNIC's counsel that is annexed as Exhibit 11 to the Link Aff.

22.   Fact not in dispute.

23.   Fact not in dispute, insofar as paragraph 23 recites the content of the February 20, 2007 letter from GNIC's counsel that is annexed as Exhibit 13 to the Link Aff.

24.   Fact not in dispute.

25.   Fact in dispute, insofar as paragraph 24 asserts that Katten commenced this interpleader action but did not deposit the Escrow Funds with the Court. Katten deposited the Escrow Funds with the Clerk of the Court on May 24, 2007. Affidavit of Philip A. Nemecek, sworn to June 4, 2006 and filed herewith ("Nemecek Aff."), Ex. E. Katten does not dispute that it commenced this action on April 11, 2007.

26.   Fact not in dispute.

27.   Fact in dispute, insofar as paragraph 27 asserts that Katten has not deposited the Escrow Funds in a court of competent jurisdiction. Katten deposited the Escrow Funds with the Clerk of the Court on May 24, 2007. Nemecek Aff., Ex. E.

## Additional Material Facts at Issue

28.     Whether the Settlement Agreements or the Escrow Agreements at issue in this case, or any other applicable contract or authority, obligated Kayvan and Yassmine Hakim to provide a Rebuild Contract to GNIC within any particular time frame.

29.     Whether, under the circumstances of this matter (including the repeated indications from the Hakims that they would provide GNIC with a Rebuild Contract, and the absence in the Settlement and Escrow Agreements of any terms setting forth a time frame within which the Hakims were obligated to supply GNIC with the Rebuild Contract), Katten acted in a timely manner in commencing this interpleader action.

Dated: New York, New York
       June 4, 2007

>                        Respectfully submitted,
>
>                        **KATTEN MUCHIN ROSENMAN LLP**
>
>                        By:    s/Michael I. Verde
>                               One of Its Partners
>
>                        Plaintiff *Pro Se*
>                        575 Madison Avenue
>                        New York, New York 10022
>                        (212) 940-8800