UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATTEN MUCHIN ROSENMAN LLP,                    Case No.: 07-CV-2921 [BSJ]

                        Plaintiff,

    -against-

KAYVAN HAKIM, YASSMINE HAKIM and
GREAT NORTHERN INSURANCE COMPANY,

                        Defendants.
------------------------------------------------------------------------X

**DEFENDANTS KAYVAN AND YASSMINE HAKIM'S
MEMORANDUM OF LAW IN OPPOSITION TO
THE MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT GREAT NORTHERN INSURANCE COMPANY**

JUSTINE CLARE MORAN ESQ.
3112 38th Street
Astoria, NY 11103
(718) 274-6910

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway,
New York, New York 10019
(212) 506-1700

Attorneys for Defendants
Kayvan Hakim and Yassmine Hakim

Of counsel:  Justine Clare Moran
                David J. Mark

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ……………………………………………….  ii

COUNTERSTATEMENT OF FACTS …………………………………….  1

ARGUMENT

    THE COURT CANNOT IMPLY A TIME
    LIMIT INTO THE AGREEMENTS AND
    ORDER THEIR SPECIFIC
    PERFORMANCE ON THE PRESENT RECORD …………………………  2

CONCLUSION ………………………………………………………………  6

## TABLE OF AUTHORITIES

**Federal Cases** — **Page**

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242, 250, 91 L.Ed.2d 202,
106 S. Ct. 2505 (1986) ……………………………………………………………  4

*Crystalline H[2]0, Inc. v. Orminski*,
105 F. Supp.2d 3, 2000 U.S. Dist Lexis 11959,
47 Fed. R. Serv. 3d 1205 (N.D.N.Y. 2000) ……………………………………..  4

*Hellstrom v. U.S. Dep't of Veterans Affairs*,
201 F.3d 94, 97 (2d Cir. 2000) ……………………………………………………  5

*Shann v. Dunk*,
84 F.3d 73, 81 (2nd Cir. 1996) ……………………………………………….. 4


**State Cases** — **Page**

*ADC Orange, Inc. v. Coyote Acres, Inc.*,
7 N.Y.3d 484, 490, 857 N.E.2d 513, 516, 824 N.Y.S.2d 192, 195 (2006) …………… 3

*Boone Associates, L.P. v. Leibovitz*,
13 A.D.3d 267, 786 N.Y.S.2d 518 (1st Dep't 2004) …………………………………. 2

*Citizen's Bank and Trust Company v. Se-Fish Associates*,
2003 U.S. Dist. Lexis 18486 at * 16-17 (W.D.N.Y. 2003) …………………………… 3, 4

*E.S.P. Adjustment Services, Inc. v. Asta Group, Inc.*,
125 A.D.2d 849, 509 N.Y.S.2d 955 (3rd Dep't 1986) ………………………………… 5

*Grinblat v. Taubenblat*,
107 A.D.2d 735, 735-36, 484 N.Y.S.2d 96, 97 (2nd Dep't 1985) ……………………… 5

*The Mercantile National Bank of the City of New York v. Heinze*,
75 Misc. 551, 559, 135 N.Y.S. 962, 967 (New York Co. 1912) ……………………….. 3

*Mohen v. Mooney*,
162 A.D.2d 664, 557 N.Y.S.2d 108 (2nd Dep't 1990)………………………………….. 3

*Taylor v. Goelet*,
208 N.Y. 253, 259, 101 N.E. 867 (1913) ……………………………………………….. 4

*Zev. v Merman*,
134 A.D.2d 555, 557, 521 N.Y.S.2d 455 (2nd Dep't 1987) ………………………………. 3

**Statutes**                                                                 **Page**

Federal Rules of Civil Procedure Rule 56 ……………………………………    1

Rule 56.1 of the Local Rules
 for the Southern District of New York ………………………………………    1

PRELIMINARY STATEMENT

Defendants Kayvan Hakim and Yassmine Hakim (the "Hakims"), submit respectfully this memorandum of law in opposition to the motion of defendant Great Northern Insurance Company ("Great Northern"), pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") 56, for summary judgment dismissing the complaint herein, dated April 11, 2007 (the "Complaint") and awarding recovery of disputed escrow funds (the "Escrow Funds") to Great Northern. The Hakims are the intended beneficiaries of the Escrow Funds and have a beneficial and contractual right to receive such funds upon presentation of a rebuild contract to Great Northern. The Hakims are in the process of obtaining such a rebuild contract and continue to assert their rights to the Escrow Funds.

COUNTER-STATEMENT OF FACTS

As demonstrated by the statements pursuant to local rule 56.1 herein, it is undisputed that the parties entered into the settlement agreements and escrow agreements (the "Agreements") annexed as Exhibits 4 through 7 to the Affidavit of Robert Link In Support, sworn to May 17, 2007 (hereinafter the "Link Affidavit"). The Agreements recite that they contain the entire agreement between Great Northern and the Hakims with respect to the settlement of the claims: Link Affidavit Exhibit 4, paragraph 16; Exhibit 5, paragraph 16; Exhibit 6, paragraph 5.4; and Exhibit 7, paragraph 5.4. The Agreements supercede all prior agreements between the parties concerning the same subject matter, and do not incorporate the time limit in the underlying policy number 11331603-1: Link Affidavit Exhibit 4, paragraphs 5-6; Exhibit 5, paragraphs 5-6; Link Affidavit Exhibit 6, paragraph 5.4; and Exhibit 7, paragraph 5.4. The Agreements do not provide a period of time within which the Hakims are obliged to perform their obligations thereunder: Link Affidavit Exhibit 4, paragraphs 10 through 15; Exhibit 5, paragraphs 10 through 15; Exhibit 6, paragraph 2; and Exhibit 7, paragraph 2. Further, the parties to the

Agreements acknowledge that they were represented by independent legal counsel in their negotiations and that they understood and agreed to be bound by all terms of the Agreements: Link Affidavit Exhibit 4, paragraph 18; Exhibit 5, paragraph 18. The parties to the Agreements further agreed that any modifications to the Agreements would be effective only if in writing and signed by all parties, Link Affidavit Exhibit 6, paragraph 5.1; and Exhibit 7, paragraph 5.1. The Hakims are in the process of obtaining a Rebuild Contract (Declaration of Kayvan Hakim dated June 13, 2007, ("Hakim Declaration") paragraph 4). Kayvan Hakim was aware that the Agreements did not require performance by a specific date when he entered into them, and that he did not contemplate obtaining a Rebuild Contract within a specific time period at the time he entered into them (Hakim Declaration paragraph 3). The Court is referred respectfully to the Hakims' Statement of Material Facts As To Which There Exist Genuine Issues to Be Tried and to the Hakim Declaration for a full statement of the facts pertinent to this motion.

ARGUMENT

THE COURT CANNOT IMPLY A TIME LIMIT<br>INTO THE AGREEMENTS AND ORDER<br>THEIR SPECIFIC PERFORMANCE ON THE PRESENT RECORD

By its motion, Great Northern requests that this Court ignore the express terms of written, unambiguous agreements which were extensively negotiated by counsel and which can be modified only by a writing signed by all parties, in order to imply a time limit for performance by the Hakims into such Agreements, to hold that such implied time limit has expired and to compel specific performance of the Agreements as interpreted by Great Northern. The only authority which Great Northern cites for this novel proposition is Boone Associates, L.P. v. Leibovitz, 13 A.D.3d 267, 786 N.Y.S.2d 518 (1st Dep't 2004), an authority which is immediately distinguishable in that it concerns enforcement of an "oral contract," *id.*

2

2

Further, even if <u>Boone</u> were applicable, Great Northern has offered no evidentiary support for its proposition that as "the Escrow Agreements were executed over <u>three years</u> ago, the Hakims [*sic*] time to provide the Rebuild Contract has come and gone and the Escrow Funds indisputably belong to [Great Northern]," defendant's Memorandum of Law In Support, page 9, (emphasis in the original), other than citation to a policy provision which was necessarily superceded by the Agreements and which was not incorporated into them.

Great Northern has moved essentially for specific performance of its view of the Agreements, rather than for damages as a result of any breach by the Hakims. It is well settled that in equitable actions, time will not be considered the essence of a contract unless it affirmatively appears that the parties regarded time as an essential element of their bargain, <u>The Mercantile National Bank of the City of New York v. Heinze</u>, 75 Misc. 551, 559, 135 N.Y.S. 962, 967 (New York Co. 1912) ("[s]uch intention may be shown by the express provisions of the contract making time of the essence … or may be evidenced by … other surrounding circumstances … which may be considered to … enable the court to determine what the real intention of the parties was"). <u>See</u> <u>also</u> <u>Citizen's Bank and Trust Company v. Se-Fish Associates</u>, 2003 U.S. Dist. Lexis 18486 at * 16-17 (W.D.N.Y. 2003) ("it cannot be said that such urgency was even contemplated by the [defendants]"). Here, Great Northern has not shown that it had put the Hakims on notice that time was of the essence by means of a clear, unequivocal notice which fixed a reasonable time for performance and informed the Hakims that they would be considered in default if they did not perform by that date, <u>see</u> <u>generally</u> <u>ADC Orange, Inc. v. Coyote Acres, Inc.</u>, 7 N.Y.3d 484, 490, 857 N.E.2d 513, 516, 824 N.Y.S.2d 192, 195 (2006); <u>Zev. v Merman</u>, 134 A.D.2d 555, 557, 521 N.Y.S.2d 455 (2nd Dep't 1987); <u>Mohen v. Mooney</u>, 162 A.D.2d 664, 557 N.Y.S.2d 108 (2nd Dep't 1990). Further, Kayvan Hakim has stated specifically that he was aware that the Agreements did not require performance by a specific date when he entered into them, and that he did not contemplate obtaining a Rebuild Contract within a specific time period at the time he entered into them (Hakim Declaration paragraph 3).

3

Moreover, the question of whether the Hakims have already had a "reasonable time" to perform the Agreements is not properly before this Court on the present motion, <u>Citizen's Bank and Trust Company</u>, 2003 U.S. Dist. Lexis 18486 at * 17 (W.D.N.Y. 2003).

Further, Great Northern's argument that the clause obliging plaintiff to return the Escrow Funds to Great Northern in the event that the Hakims do not deliver a Rebuild Contract is rendered meaningless if this Court declines to imply a time limit is simply incorrect. The meaning of this provision is as plain as its language – if the Hakims do not elect to rebuild and contract to do so, they are not entitled to the settlement proceeds.

Effectively, Great Northern is asking this Court to void the Agreements which, while it may return Great Northern to its *status quo ante*, may leave the Hakims without a remedy despite their settlement in good faith, as the time for claims under the original policy has now expired. <u>See</u> <u>generally</u> <u>Crystalline H[2]0, Inc. v. Orminski</u>, 105 F. Supp.2d 3, 2000 U.S. Dist Lexis 11959, 47 Fed. R. Serv. 3d 1205 (N.D.N.Y. 2000). <u>See also</u> <u>Shann v. Dunk</u>, 84 F.3d 73, 81 (2nd Cir. 1996)("voiding an agreement for absence of an essential term is a step that courts should take only in rare and extreme circumstances"); <u>Taylor v. Goelet</u>, 208 N.Y. 253, 259, 101 N.E. 867 (1913)("courts do not allow a [cancellation] of the contract for mere delay in performance unless the parties have made time of the essence of the contract. This rule would seem to apply as aptly to contracts which when made leave indefinite the time of performance as to contracts from which time as an essential element has been removed by acquiescence of the parties.")(Citation omitted).

The Hakims submit respectfully that summary judgment is inappropriate "[i]f reasonable minds could differ as to the import of the evidence" <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 250, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986). Further, "in the absence of a waiver, the

conditions of an escrow agreement must be fully performed before escrow funds are released. Thus, in order for disputed escrow funds to be released without a trial, it must be clear that no factual issues or viable claims exist under the closely scrutinized terms of the escrow agreement." E.S.P. Adjustment Services, Inc. v. Asta Group, Inc., 125 A.D.2d 849, 509 N.Y.S.2d 955 (3rd Dep't 1986). (Citations omitted.)

      Additionally, the Hakims contend that this motion is premature as it was filed before the Hakims had answered the Complaint and this motion does not concern a judgment or an instrument for the payment of money only. Grinblat v. Taubenblat, 107 A.D.2d 735, 735-36, 484 N.Y.S.2d 96, 97 (2nd Dep't 1985); E.S.P. Adjustment Services, Inc., 125 A.D.2d at 849, 509 N.Y.S.2d at 956. Similarly, this motion is premature on the additional grounds that no discovery has yet been conducted in this case and "only in the rarest of cases may summary judgment be granted against [a party] who has not been afforded the opportunity to conduct discovery," Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

      Finally, the Hakims maintain that the costs of plaintiff in opposing this motion, (for which the Hakims are contractually bound to indemnify them jointly with Great Northern), should be borne solely by Great Northern in this instance, as Great Northern by its own admission unilaterally refused to appoint a successor escrow agent following the resignation of plaintiff, when the Hakims were willing to do so, which refusal contravenes the express contractual provision mandating agreement in such circumstances, Link Affidavit, Exhibit 6, paragraph 3.7 (c), Exhibit 7, paragraph 3.7 (c). As Great Northern's actions in filing a frivolous and premature motion led directly to plaintiff incurring such costs, it is submitted respectfully that it would be inequitable to require the Hakims to suffer the consequences of Great Northern's poor judgment and rash actions.

## CONCLUSION

For all the foregoing reasons, defendants Kayvan Hakim and Yassmine Hakim submit respectfully that defendant Great Northern Insurance Company's motion for summary judgment should be denied in its entirety and that this Court should grant such other and further relief as it deems just and proper.

Dated:  June 13, 2007

                                            Yours etc.,

                                            JUSTINE CLARE MORAN ESQ.

                                            By:_____/s/_____
                                                Justine Clare Moran (JM 2547)

3112 38th Street
Astoria, NY 11103
(718) 274-6910

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____/s/_____
      David J. Mark [DM 9548]

1633 Broadway,
NewYork, New York 10019
(212) 506-1700

Attorneys for Defendants
Kayvan Hakim and Yassmine Hakim