UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATTEN MUCHIN ROSENMAN LLP,   Case No.: 07-CV-2921 [BSJ]

                Plaintiff,   **DEFENDANTS KAYVAN AND YASSMINE HAKIMS' STATEMENT OF FACTS AS TO WHICH THERE EXIST GENUINE ISSUES TO BE TRIED            .**

   -against-

KAYVAN HAKIM, YASSMINE HAKIM and
GREAT NORTHERN INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------------------X

       Pursuant to Rule 56.1(b) of the Local Civil Rules of this Court, defendants Kayvan Hakim and Yassmine Hakim (the "Hakims") submit respectfully that, for the purposes of the motion for summary judgment of defendant Great Northern Insurance Company ("Great Northern") the Hakims respond to the corresponding numbered paragraphs of Great Northern's Rule 56.1 Statement of Facts In Support of Its Summary Judgment Motion dated May 17, 2007, as follows.

1. Fact in dispute to the extent that plaintiff is not in possession of the Escrow Funds.

2. Not in dispute.

3. Not in dispute.

4. Not in dispute.

5. Not in dispute.

6. Not in dispute.

7. Not in dispute.

8. Not in dispute.

9. Not in dispute.

1

10. Not in dispute.

11. Not in dispute.

12. Not in dispute.

13. Not in dispute.

14. Not in dispute.

15. Not in dispute.

16. Not in dispute.

17. Not in dispute.

18. Not in dispute.

19. Not in dispute.

20. The Hakims dispute that plaintiff "wrongfully maintained" the Escrow Funds.

21. Not in dispute.

22. Not in dispute.

23. Not in dispute.

24. Not in dispute.

25. The Hakims dispute that plaintiff did not deposit the Escrow Funds with the Court.

26. Not in dispute.

27. The Hakims dispute that plaintiff did not deposit the Escrow Funds with the Court.

**Additional Material Facts At Issue**

28. Whether the parties agreed that the settlement agreements contained all the terms of the settlement between the parties and superceded the terms of policy number 11331603-1.

29. Whether a time limit for provision of the Rebuild Contract can be implied into the Settlement Agreements or the Escrow Agreements.

30. Whether such implied time limit can be deemed to have expired.

31. Whether time was made of the essence in the agreements or the subsequent correspondence between the parties.

32. Whether Great Northern had the right to unilaterally refuse to appoint a successor escrow agent.

33. Whether Great Northern's actions compelled plaintiff and the Hakims to incur the expense of this action, including plaintiff's and the Hakims' costs in opposing the motion for summary judgment.

Dated:  June 13, 2007

        Respectfully submitted,

        JUSTINE CLARE MORAN ESQ.

        By: /s/_____
          Justine Clare Moran (JM 2547)

        3112 38th Street
        Astoria, NY 11103
        (718) 274-6910

         /s/_____
        David J. Mark [DM 9548]
        Kasowitz, Benson, Torres & Friedman LLP
        1633 Broadway,
        NewYork, New York 10019
        (212) 506-1700

        Attorneys for Defendants

4

Kayvan Hakim and Yassmine Hakim