UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KATTEN MUCHIN ROSENMAN LLP,　　　　　　　Index No. 07-CV-2921

　　　　　　　Plaintiff

　-against-　　　　　　　　　　　　　　　　　　　**ANSWER TO
　　　　　　　　　　　　　　　　　　　　　　　　CROSS-CLAIMS**

KAYVAN HAKIM, YASSMINE HAKIM and
GREAT NORTHERN INSURANCE COMPANY,

　　　　　　　Defendants.
-------------------------------------------------------------- X

　　　　Defendant, Great Northern Insurance Company ("GNIC"), by and through its attorneys, Mound Cotton Wollan & Greengrass, hereby answers the cross-claims of Defendants Kayvan and Yassmine Hakim (the "Hakims") as follows:

### AS AND FOR A FIRST CROSS-CLAIM
### For Equitable Estoppel

　　15.　　GNIC repeats, reiterates, and realleges its responses to each and every allegation set forth in the complaint of Plaintiff Katten Muchin Rosenman LLP ("KMR") as if fully set forth herein.

　　16.　　Admitted.

　　17.　　Denied as alleged, except refers to the settlement agreements for their terms and conditions.

　　18.　　Denied as alleged, except refers to the settlement agreements for their terms and conditions.

　　19.　　Denied, and refers to the settlement agreements for their terms and conditions.

　　20.　　Denied, and refers to the settlement agreements for their terms and conditions.

21. Denied as alleged, except refers to the papers in support of GNIC's summary judgment motion for their substance.

22. The allegations set forth in paragraph 22 of the cross-claims are legal conclusions to which no response is required, but to the extent that a response is required, those allegations are denied.

23. The allegations set forth in paragraph 22 of the cross-claims are legal conclusions to which no response is required, but to the extent that a response is required, those allegations are denied.

## AS AND FOR A SECOND CROSS-CLAIM
### For Declaratory Judgment

24. GNIC repeats, reiterates, and realleges its responses to each and every allegation incorporated by reference in paragraph 24 of the cross-claims.

25. Denied as alleged, except refers to the settlement agreements for their terms and conditions.

26. Denied as alleged, except refers to the settlement agreements for their terms and conditions.

27. The allegations set forth in paragraph 27 of the cross-claims are legal conclusions to which no response is required, but to the extent that a response is required, denies that the Hakims are entitled to the relief sought.

## AS AND FOR A THIRD CROSS-CLAIM
### For Declaratory Judgment

28. GNIC repeats, reiterates, and realleges its responses to each and every allegation incorporated by reference in paragraph 28 of the cross-claims.

29. GNIC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

30. The allegations set forth in paragraph 30 of the cross-claims are legal conclusions to which no response is required, but to the extent that a response is required, denies that the Hakims are entitled to the relief sought.

### AS AND FOR A FOURTH CROSS-CLAIM
#### For Indemnification

31. GNIC repeats, reiterates, and realleges its responses to each and every allegation incorporated by reference in paragraph 31 of the cross-claims.

32. Denied as alleged, except refers to the agreements for their terms and conditions.

33. Denied as alleged.

34. Denied as alleged, except refers to the agreements for their terms and conditions.

35. Denied as alleged, except refers to the correspondence dated February 20, 2007 for its substance.

36. Denied.

37. Denied, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the intentions of KMR.

38. The allegations set forth in paragraph 38 of the cross-claims are legal conclusions to which no response is required, but to the extent that a response is required, denies that the Hakims are entitled to the relief sought.

### GNIC's First Defense

39. The Hakims' cross-claims fail to state a cause of action upon which relief can be granted.

3

### GNIC's Second Defense

40.     The Hakims' cross-claims are barred because the Hakims have acted in bad faith.

### GNIC's Third Defense

41.     The Hakims' cross-claims are barred by the doctrine of laches.

### GNIC's Fourth Defense

42.     The Hakims' cross-claims are barred by the doctrines of waiver and estoppel.

### GNIC's Fifth Defense

43.     The Hakims' cross-claims are barred by the doctrine of unclean hands.

### GNIC's Sixth Defense

44.     The Hakims' cross-claims are not ripe for adjudication.

### GNIC's Seventh Defense

45.     The Hakims' cross-claims are barred because the Hakims have acted fraudulently.

**WHEREFORE**, Defendant Great Northern Insurance Company respectfully requests that the Court issue a judgment:

(1)     dismissing the Hakims' cross-claims against GNIC in their entirety; and

(2)     granting GNIC such other and further relief as deemed just.

Dated: New York, New York
       June 20, 2007

                                           MOUND COTTON WOLLAN & GREENGRASS

                      By:    <u>s/Lloyd A. Gura</u>
                            Lloyd A. Gura (LG-0500)
                            Sanjit Shah (SS-0148)
                            One Battery Park Plaza
                            New York, NY  10004-1486
                            212-804-4200
                            *Attorneys for Defendant Great Northern Insurance Company*

TO:    Michael J. Verde, Esq.
        Katten Muchin Rosenman, LLP
        575 Madison Avenue
        New York, NY  10022-2585
        *Plaintiff Pro Se*

        David J. Mark, Esq.
        Kasowitz, Benson, Torres & Friedman, LLP
        1633 Broadway
        New York, New York, 10019
        Justine Clare Moran, Esq.
        31-12 38th Street
        Astoria, New York, 11103
        *Attorneys for Defendants Kayvan & Yassmine Hakim*

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  )  ss.:
COUNTY OF NEW YORK )

Irene Siegel, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Queens, New York. That on the 20th day of June, 2007 deponent served the annexed **DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S ANSWER TO THE CROSS-CLAIMS OF KAYVAN AND YASSMINE HAKIM** on Michael J. Verde, Esq., Katten Muchin Rosenman, LLP, 575 Madison Avenue, New York, NY 10022-2585, plaintiff pro se, David J. Mark, Esq., Kasowitz, Benson, Torres & Friedman, LLP, 1633 Broadway, New York, New York, 10019, and Justine Clare Moran, Esq., 31-12 38th Street, Astoria, New York, 11103, attorneys for defendants Kayvan Hakim and Yasmine Hakim at the address designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
IRENE SIEGEL

Sworn to before me this
20th day of June, 2007

_____
Notary Public

CATHERINE RITZER
Notary Public, State of New York
No. 30-4744978
Qualified in Nassau County
Commission Expires September 30, 2009